50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert GREENE, Petitioner-Appellant,
v.
OHIO ADULT PAROLE AUTHORITY, Respondent-Appellee.
 No. 94-3882.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1995.
 
 Before: BROWN, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Greene appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Summit County, Ohio, Court of Common Pleas in 1987, Greene was convicted of aggravated robbery but was acquitted of a firearm specification. Greene was sentenced to 7 to 25 years of imprisonment. The Ohio Court of Appeals affirmed the conviction on direct appeal, and the Ohio Supreme Court dismissed Greene's appeal for lack of a substantial constitutional question.
 
 
 3
 Thereafter, Greene filed, by counsel, an initial petition for a writ of habeas corpus under Sec. 2254 in the district court, alleging claims unrelated to this appeal. The district court dismissed the petition as without merit. This court denied Greene a certificate of probable cause to appeal because petitioner's notice of appeal was untimely.
 
 
 4
 Next, Greene filed a motion to vacate his conviction and sentence in the trial court, alleging that he received ineffective assistance of counsel. The trial court dismissed the petition as without merit, and the Ohio Court of Appeals affirmed the dismissal. An appeal to the Ohio Supreme Court was dismissed for lack of a substantial constitutional question. In addition, a motion for delayed reconsideration was denied by the Ohio Court of Appeals, and the Ohio Supreme Court denied leave to appeal.
 
 
 5
 Greene then filed the instant petition for a writ of habeas corpus in the district court, alleging that he received ineffective assistance of counsel because: (1) counsel failed to obtain and introduce at trial exculpatory evidence; and (2) counsel failed to request a lesser included offense jury instruction. Respondent filed a return of the writ, and petitioner filed a traverse. The magistrate judge recommended that the petition be dismissed, and petitioner filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Thereafter, the district court granted petitioner a certificate of probable cause to appeal.
 
 
 6
 On appeal, petitioner reiterates the ineffective assistance of counsel claims he asserted in the district court. Upon consideration, we affirm the district court's judgment for the reasons stated in the magistrate judge's report and recommendation filed February 22, 1994, and adopted by the district court in its order filed July 29, 1994. Essentially, careful review of the entire record reveals that the matters of which petitioner complains involve trial strategy and do not rise to the level of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687-89 (1984).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.